# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ROBERT WILLIAM ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:10-cv-0909-WTL-TAB |
| | ) | |
| DR. NELSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Entry Discussing Motion for Summary Judgment

Robert Ellis, an inmate at the Plainfield Correctional Facility ("Plainfield"), alleges in this civil rights action that the defendants violated his federally secured rights by failing to provide him constitutionally adequate medical care relating to his high blood pressure. Dr. Nelson and Andy Dunnigan have appeared in the action and seek resolution of Eillis' claim through the entry of summary judgment. That motion is deemed applicable to the other defendant, Dr. Dr. Kanisier, as well. *See Malak v. Associated Physicians, Inc.,* 784 F.2d 277, 280 (7th Cir. 1986)("[W]here one defendant files a motion for summary judgment which the court grants, the district court may *sua sponte* enter summary judgment in favor of additional non-moving defendants if the motion raised by the first defendant is equally effective in barring the claim against the other defendants and the plaintiff had an adequate opportunity to argue in opposition to the motion."). Ellis has not opposed the motion for summary judgment and the time prescribed for him to have done so has passed.

Whereupon the court, having considered the pleadings, the motion for summary judgment, and the evidentiary record, and being duly advised, now finds that the motion for summary judgment must be granted. This conclusion is based on the following facts and circumstances:

1.       It is argued in the motion for summary judgment that Ellis' suit was filed prematurely because he failed to comply with a statutory requirement that he exhaust available administrative remedies prior to filing suit.

a.       This motion must be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

b.      The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2).

2.      "The primary purpose of summary judgment is to isolate and dispose of factually unsupported claims." *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996)(citing *Anderson,* 477 U.S. at 248).

3.      The law applicable to the motion for summary judgment is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). This requirement is intended to serve the dual purpose of affording "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court[,]" and to improve the quality of inmate suits filed through the production of a "useful administrative record." *Jones v. Bock,* 549 U.S. 199, 204 (2007) (citations omitted). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter,* 534 U.S. at 532 (citation omitted).

4.      "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

5.      At the time pertinent here, there was a grievance process in effect at Plainfield. The grievance process begins with the offender contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. If the offender is unable to obtain a resolution to the grievance informally, he may submit a formal written complaint (Level I) to the Grievance Specialist at the facility. If the formal written complaint is not resolved in a manner that satisfies the offender, he may submit an appeal (Level II).

6.     The undisputed evidentiary record in the present case is this: On or about February 16, 2006, Ellis filed a grievance regarding a medication issue. On or about February 27, 2006, that grievance was resolved. Ellis filed no other medically related grievances. Specifically, he has filed no grievances related to medical treatment for high blood pressure. Further, an inmate's concern about medical care for blood pressure is an issue which could be presented in a grievance.

7.     In short, therefore, a grievance process was available to Ellis, his claim is one which could have been presented in a grievance, and no grievance was filed. The consequence of these circumstances, in light of § 1997e(a), is that Ellis' claim in this case should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that all dismissals under § 1997e(a) should be without prejudice."). The motion for summary judgment (dkt 15) is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**


Date: _12/15/2010_

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana